[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

No. 11-10429
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01880-CAP


THE FLAG COMPANY, INC.,

Plaintiff-Appellee,

versus

STEVEN A. CHAN,

Defendant-Appellant,

STEVEN A. CHAN, LLC,
a California Limited Liability Company,
d.b.a. Five Star Flags,
d.b.a. VI45,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 15, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Steven A. Chan, proceeding pro se, appeals from an interlocutory order granting partial summary judgment to The Flag Company, Inc., his business competitor. The district court awarded injunctive relief, monetary damages, and attorney's fees to Flag Co. on its trademark infringement claim brought under the Lanham Act. See 15 U.S.C. § 1125(a); id. § 1114; id. § 1117. That claim was one of three asserted in Flag Co.'s complaint, and other two, which allege violations of the Anticybersquatting Consumer Protection Act and the Georgia Deceptive Trade Practices Act, are still pending before the district court. Chan contends that the evidence establishes that Flag Co.'s FARMING FLAGS trademark is generic and as a result Flag Co.'s registration of that mark is invalid.[1] He argues that summary judgment should be reversed and the FARMING FLAGS marks should be cancelled.

## I.

As an initial matter we consider our subject matter jurisdiction, which is an issue that we review de novo. AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car

---

[1] Because Chan is pro se, we construe his brief liberally. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007). As a general rule, "an order adjudicating fewer than all the claims in a suit . . . is not a final judgment from which an appeal may be taken." Edwards v. Prime, Inc., 602 F.3d 1276, 1288, 602 F.3d 1276 (11th Cir. 2010). Even so, both sides assert that this Court has jurisdiction. Flag Co. acknowledges that the district court's order did not address all of its claims. It contends, however, that this Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's order as a final judgment because after this appeal was filed, Flag Co. filed in the district court a motion to dismiss its two remaining claims. Flag Co.'s motion does not create appellate jurisdiction in this case. See State Treasurer of Michigan v. Barry, 168 F.3d 8, 11 (11th Cir. 1999) ("[A]ppellate jurisdiction over a non-final order cannot be created by dismissing the remaining claims without prejudice.").

Even though we do not have jurisdiction under 28 U.S.C. § 1291, under 28 U.S.C. § 1292(a)(1) we do have jurisdiction over district courts' "[i]nterlocutory orders . . . granting . . . injunctions." Section 1292(a)(1) gives us jurisdiction over the grant of injunctive relief to Flag Co., but Chan more generally challenges the district court's grant of summary judgment in Flag Co.'s favor.

We may exercise pendent appellate jurisdiction over a matter that would not be otherwise appealable if it is "inextricably intertwined" with an appealable

3

decision, or if review of the non-appealable decision is necessary to ensure meaningful review of the appealable one. Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 51, 115 S.Ct. 1203, 1212 (1995). Here, a review of the district court's decision to grant injunctive relief necessarily requires us to determine whether summary judgment was appropriate on Flag Co.'s trademark infringement claim, so we will exercise our discretion to review the grant of summary judgment. Cf. Cable Holdings of Battlefield, Inc. v. Cooke, 764 F.2d 1466, 1472 (11th Cir. 1985) (exercising pendent jurisdiction in order to consider the merits of the district court's underlying summary judgment decision in an appeal from a denial of a preliminary injunction).

## II.

We review de novo the grant of summary judgment, applying the same legal standards as the district court. Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). "Summary judgment is proper where 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

## A.

To prove trademark infringement under the Lanham Act, a plaintiff must

show that it owns a valid mark and that the defendant's use of its mark is likely to cause confusion. See 15 U.S.C. § 1125(a); Tana, 611 F.3d at 773. Trademarks are generally entitled to different levels of protection depending on their level of distinctiveness. See Tana, 611 F.3d at 773. We have explained:

> Our circuit recognizes four categories of distinctiveness, listed in ascending order of strength: (1) generic—marks that suggest the basic nature of the product or service; (2) descriptive—marks that identify the characteristic or quality of a product or service; (3) suggestive—marks that suggest characteristics of the product or service and require an effort of the imagination by the consumer in order to be understood as descriptive; and (4) arbitrary or fanciful—marks that bear no relationship to the product or service, and the strongest category of trademarks.

Id. at 774 (quotation marks omitted).

Five years after a mark has been registered, its holder may file an affidavit with the United States Patent and Trademark Office certifying that the mark has been in continuous use since registration, that there is no pending proceeding concerning the mark, and that there has been no adverse decision concerning the registrant's ownership of the mark. 15 U.S.C. § 1065. If these requirements are met, the mark is declared "incontestable," and is presumed valid. See Dieter v. B & H Indus. of Sw. Fla., Inc., 880 F.2d 322, 328 (11th Cir. 1989).

Flag Co. has been using the FARMING FLAGS trademark to market and sell hand-held flags for twenty years. It obtained federal registration for its

FARMING FLAGS mark in 1994, and later it met the requirements for incontestability. The validity of an incontestable mark, like FARMING FLAGS, cannot be challenged on the ground that it is merely descriptive. Id.

A generic term, which is a weaker mark than a descriptive one, "refers to the genus of which the particular product is a species." Park 'N Fly, Inc. v. Dollar Park and Fly, Inc., 469 U.S. 189, 194, 105 S.Ct. 658, 661 (1985). "Generic terms are not registrable, and a registered mark may be canceled at any time on the grounds that it has become generic." Id. A term may be generic for one category of goods and non-generic for another. See Abercrombie & Fitch Co. v. Hunting World, Inc., 537 F.2d 4, 9 (2d. Cir. 1976). "To take a familiar example 'Ivory' would be generic when used to describe a product made from the tusks of elephants but arbitrary as applied to soap." Id. at 9 n.6.

"A descriptive mark identifies a characteristic or quality of the service or product [e.g., Vision Center]." Caliber Auto. Liquidators, Inc. v. Premier Chrysler, Jeep, Dodge, LLC, 605 F.3d 931, 938 (11th Cir. 2010) (quotation marks omitted; alteration in original). For example, "Milk Delivery" could be a generic service mark for a milk delivery service, while "BarnMilk" could be a descriptive service mark for the same business. Investacorp, Inc. v. Arabian Inv. Banking Corp., 931 F.2d 1519, 1522 (11th Cir. 1991).

Chan argues that FARMING FLAGS is a generic mark in the real estate business. He asserts that real estate agents often plant small American flags in homeowners' yards to promote their services in the communities where they advertise—areas that are referred to as the agents' "farms." According to Chan, the agents' promotional give-aways include not just farming flags but also farming postcards, farming notepads, and farming refrigerator magnets.

As Chan's own argument shows, FARMING FLAGS is, at the very least, a descriptive trademark. It is not generic. "Farming" is a characteristic or quality of the product sold—flags. See Caliber Auto. Liquidators, 605 F.3d at 938. The validity of an incontestable mark, like FARMING FLAGS, cannot be challenged on the ground that it is merely descriptive. The district court properly granted summary judgment in favor of Flag Co. on its trademark infringement claim.

B.

In addition his argument that the FARMING FLAGS mark is generic, Chan also asserts a slew of challenges to the district court's discovery and evidentiary rulings. Even if the district court had made the evidentiary and discovery errors that Chan asserts it did, his evidence was still insufficient to establish a genuine issue of material fact about the validity of the "FARMING FLAGS" mark. The evidence showed, at most, that the mark was merely descriptive, which is not

7

enough to rebut a presumption of validity. See Dieter, 880 F.2d at 328. Thus, even if the evidentiary rulings Chan complains about were made in error, any error was harmless. See Hearn v. McKay, 603 F.3d 897, 904 n.11 (11th Cir. 2010) ("Erroneous evidentiary determinations that do not affect the substantial rights of a party must be disregarded.") (citing 28 U.S.C. § 2111; Fed. R. Civ. P. 61; Fed. R. Evid. 103(a)).

**AFFIRMED.**